UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN G. MORTON,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.,<br><br>Defendant. | Index No. 18-cv-9048 (JPO) |

# MEMORANDUM OF LAW
# IN SUPPORT OF PLAINTIFF'S
# MOTION TO REMAND

**Roman A. Popov, Esq.**
MORTON & ASSOCIATES LLP
246 West Broadway
New York, NY 10013
Tel: (212) 468-5511
Fax: (212) 504-0888
rp@moas.com

*Attorney for Plaintiff*
*Jonathan G. Morton*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . 1

LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.       Diversity Jurisdiction Does Not Exist Because
            Plaintiff Is Not a Citizen of Any State . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# TABLE OF AUTHORITIES

## CASES

**PAGE(S)**

*Cresswell v. Sullivan & Cromwell,*
    922 F.2d 60, 69 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Fuerst v. Fuerst,*
    832 F.Supp.2d 210, 217 (E.D.N.Y. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Herrick Co. v. SCS Commc'ns Inc.,*
    251 F.3d 315, 322 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Methyl Tertiary Butyl Ether ("MBTE") Prods. Liab. Litig.,*
    488 F.3d 112, 124 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Lehman Gov't Secs. v. Pickholz,*
    1996 WL 447995, at *2 (S.D.N.Y. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Lemos v. Pateras,*
    5 F.Supp.2d 164, 165 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Linardos v. Fortuna,*
    157 F.3d, 945, 947 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Newman—Green, Inc. v. Alfonzo—Larrain,*
    490 U.S. 826, 828 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*R.G. Barry Corp. v. Mushroom Makers, Inc.,*
    614 F.2d 651, 655 (2d Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

## STATUTES

28 U.S.C. § 1332(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

28 U.S.C. § 1441. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## PRELIMINARY STATEMENT

Plaintiff moves to remand the instant action on the basis that Defendant's Notice of Removal, relying upon 28 U.S.C. § 1332(a), is improper because diversity jurisdiction cannot exist under any circumstances. Plaintiff is a United States citizen permanently domiciled in Japan. It is hornbook law that when a United States citizen is domiciled abroad, diversity jurisdiction requires that the individual must be a citizen of a state as well. As outlined in his Declaration in support, Plaintiff has no intentions of re-establishing residence or domicile in any state. For the reasons set forth below, it is respectfully requested that Plaintiff's motion be granted and the instant action be remanded to the Supreme Court of the State of New York, New York County.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

This is an action involving a claim arising under § 4-402 of the Uniform Commercial Code as a consequence of Citibank's wrongful dishonor of a valid, duly authorized financial instrument. Plaintiff filed the Summons and Complaint in the Supreme Court of the State of New York, New York County, assigned Index No. 654339/2018 (the "State Court Action"), on August 30, 2018.

On October 3, 2018, Defendant filed a Notice of Removal, pursuant to 28 U.S.C. § 1441, on the basis that this Court has jurisdiction over the State Court Action under 28 U.S.C. § 1332(a). (Dkt. No. 1). In its Notice of Removal, Citibank stated that subject matter jurisdiction exists because, *inter alia*, the matter in controversy is between citizens of different states. *Id.* ¶ 5. Defendant conceded that it is a citizen of South Dakota for diversity of citizenship purposes, but did not even allege that Plaintiff is a citizen of any particular state, only that he is a resident of Japan. *Id.* ¶¶ 6, 7.

Plaintiff is an American citizen and has been a domiciliary of the nation of Japan since May 7, 2015. *See* Declaration of Jonathan G. Morton, dated December 21, 2018, (the "Morton Decl.") ¶¶ 2, 3. Mr. Morton is permanently domiciled in Tokyo, Japan, does not maintain a residence in the United States and has no plans or intentions to re-establish residence or otherwise become domiciled in the United States. *Id.* ¶¶ 3, 5. He is presently in the process of purchasing a house in Tokyo. *Id.* ¶ 7. Mr. Morton has not traveled to New York since May of 2016. *Id.* ¶ 6. He has only traveled to the United States four times since moving to Tokyo, and has remained in the country for only a week during each visit. *Id.* ¶ 4.

Despite the fact that Defendant was apprised that Plaintiff is a domiciliary of Japan, and even provided an affidavit from an unrelated New York Supreme Court proceeding confirming the foregoing, it nevertheless refused to remand the matter back to state court. On November 27, 2018, a Pretrial Conference was held before Your Honor, where the status of Plaintiff's domicile was discussed at length. Your Honor stated that if Plaintiff sought to remand the instant action to state court, he should file a declaration in support of a motion to remand, verifying his domicile. The Parties' proposed motion briefing schedule was thereafter approved, with the directive that the instant motion and supporting declaration be filed on or before December 21, 2018. (Dkt. No. 14).

**LEGAL STANDARD**

When a state court action is removed to federal court on the basis of diversity of citizenship and the party seeking remand challenges the jurisdictional predicate for removal, as is the case here, "the burden falls squarely upon the removing party to establish its right to a federal forum by competent proof" *R.G. Barry Corp. v. Mushroom*

2

*Makers, Inc.*, 614 F.2d 651, 655 (2d Cir. 1979). The Notice of Removal must be strictly construed and "out of respect for the limited jurisdiction of the federal courts and the rights of states, the Court must resolve any doubts against removability" *In re Methyl Tertiary Butyl Ether ("MBTE") Prods. Liab. Litig.* 488 F.3d 112, 124 (2d Cir. 2007).

Defendant removed the instant action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), which states, in pertinent part, that a federal court has subject matter jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different states …" It is note-worthy that Defendant has not even specified in which state Plaintiff is supposedly domiciled. Citibank has therefore not even come close to satisfying its burden of establishing its right to a federal forum by competent proof. To the contrary, as elaborated below, this Court lacks subject matter jurisdiction over the instant matter because Plaintiff is not a citizen of any state for purposes of diversity jurisdiction.

## ARGUMENT

**I.  DIVERSITY JURISDICTION DOES NOT EXIST BECAUSE PLAINTIFF IS NOT A CITIZEN OF ANY STATE**

Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) requires that all parties be "citizens" of a state within the United States. *See Lehman Gov't Secs. v. Pickholz*, 1996 WL 447995, at *2 (S.D.N.Y. 1996) ("Diversity jurisdiction over actions between citizens of different states requires that a party be not only a citizen of the United States but a citizen of a state as well"); *see also Newman—Green, Inc. v. Alfonzo—Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States *and* be domiciled within the state.") (emphasis in original).

3

For diversity jurisdiction purposes, citizenship is determined by domicile. *Linardos v. Fortuna*, 157 F.3d, 945, 947 (2d Cir. 1998). "Domicile is the place where a person has his true and fixed home and principal establishment and to which, whenever he is absent, he has the intention of returning. *Id*. at 948. When a United States citizen is domiciled abroad, as Mr. Morton is, he is not considered a citizen of any state within the United States. *See Herrick Co. v. SCS Commc'ns Inc.*, 251 F.3d 315, 322 (2d Cir. 2001); *see also Lemos v. Pateras*, 5 F.Supp.2d 164, 165 (S.D.N.Y. 1998) ("Because Plaintiff is not a United States domiciliary, she is a citizen of no state for purposes of diversity jurisdiction"). Here, Plaintiff is unequivocally domiciled in Japan because that is his principal place of residence to which he always intends to return. Indeed, it is difficult to envision a scenario that is more indicative of an individual's intent to remain somewhere than purchasing a house, as Plaintiff is in the process of doing. *See* Morton Decl. ¶ 7.

"Where a United States citizen is domiciled abroad at the time an action is commenced, § 1332(a) does not provide the Court with jurisdiction over the suit" *See Fuerst v. Fuerst,* 832 F.Supp.2d 210, 217 (E.D.N.Y. 2011); *see also Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 69 (2d Cir. 1990) ("The presence of a Plaintiff who is a U.S. citizen domiciled abroad does not allow the maintenance of the action on the basis of diversity"). Accordingly, it is black letter law that because Plaintiff is a United States citizen domiciled in Japan, this Court cannot exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Likewise, there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), which provides that federal courts have diversity jurisdiction in matters between a citizen of a state and a citizen or subject of a foreign state, because Plaintiff is not a citizen of Japan, only the United States. *See* Morton Decl. ¶ 2.

The facts are clear and not subject to any reasonable dispute. Mr. Morton is a domiciliary of Japan. *Id.* ¶ 3. He has been present in the United States for a total of four weeks in the past three and a half years. *Id.* ¶ 4. He has no intention of re-establishing residence or domicile in the United States. *Id.* ¶ 5. Consequently, diversity jurisdiction cannot exist under any circumstances. Had Defendant not been stubborn in its refusal to acknowledge this simple fact in the face of overwhelming supporting evidence, the instant motion could have been avoided altogether, saving the Parties and the Court valuable time and resources.

### CONCLUSION

Based on the foregoing, it is respectfully requested that Plaintiff's Motion to Remand the instant action to the Supreme Court of the State of New York, New York County be granted and that the Court grant Plaintiff all other relief just and proper under the circumstances.

Dated: New York, New York
December 21, 2018

**Morton & Associates LLP**

By: _____
Roman A. Popov, Esq. (RP7625)
*Attorney for Plaintiff*
246 West Broadway
New York, NY 10013
Tel: (212) 468-5511
Fax: (212) 504-0888
rp@moas.com