UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN G. MORTON,<br><br>       Plaintiff,<br><br>  - against -<br><br>CITIBANK, N.A.,<br><br>       Defendant. | Case No. 18 CV 9048 (JPO) |

**REPLY MEMORANDUM OF LAW OF CITIBANK, N.A. IN
FURTHER SUPPORT OF ITS CROSS-MOTION TO
<u>DISMISS PLAINTIFF'S COMPLAINT</u>**

ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................... 1

ARGUMENT ................................................................................................................... 3

POINT I    PLAINTIFF FAILS TO ESTABLISH BY CLEAR AND
CONVINCING EVIDENCE THAT HE IS DOMICLIED IN
JAPAN ............................................................................................... 3

    A.    Plaintiff's Improper, Inconclusive Documents ................................. 3

    B.    Plaintiff's Conduct Since Allegedly Moving to Japan Is
Entirely Inconsistent with Japanese Domicile ................................... 6

POINT II    PLAINTIFF DOES NOT HAVE STANDING TO SUE FOR
WRONGFUL DISHONOR BECAUSE HE IS NOT THE
BANK'S CUSTOMER AS A MATTER OF WELL-
ESTABLISHED NEW YORK LAW ................................................. 7

CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

**Federal Cases**

Carpenter v. Fleet/Norstar Bank,
    1992 U.S. Dist. LEXIS 17227 (S.D.N.Y. 1992) .................................................................. 8

Murdaugh Volkswagen, Inc. v. First Nat'l Bank,
    801 F.2d 719 (4th Cir. 1986) ............................................................................................. 9

Wenegieme v. Bayview Loan Servicing LLC,
    2016 U.S. Dist. LEXIS 82385 (S.D.N.Y. 2016) ................................................................ 3

**State Cases**

Agostino v. Monticello Greenhouses, Inc.
    166 A.D.2d 471, 560 N.Y.S.2d 690 (2nd Dept. 1990) ...................................................... 8

Jainchill v. Citibank, N.A.,
    97 A.D.2d 473, 469 N.Y.S.2d 12 (1st Dept. 1983) ........................................................... 9

Kendall Yacht Corp. v. United California Bank
    50 Cal. App.3d 949, 123 Cal. Rptr. 848 (Cal. Ct. App. 1975) .......................................... 9

Scali v. Key Bank, N.A.,
    203 A.D.2d 551, 611 N.Y.S.2d 21 (2d Dept. 1994) .......................................................... 8

**State Statutes**

Fla. Stat. § 607.0501 .................................................................................................................. 6
Fla. Stat. § 817.155 .................................................................................................................... 6
N.Y.U.C.C. § 4-401 .................................................................................................................. 7
NY.U.C.C. § 4-402 ................................................................................................................... 7

**Other**

Vol. 2 Richard B. Hagedorn, <u>Brady on Bank Checks and Funds Transfers</u>
§ 22.12 (2017) ........................................................................................................................ 7

## PRELIMINARY STATEMENT[1]

Plaintiff's opposition is a remarkable exercise in sophistry. Plaintiff implausibly argues that he allegedly has minimal ties to the United States. As such, he claims he has nearly no connection with the active New York law firm bearing his name, and of which he is admittedly the sole member. However, he simultaneously argues that he is so intertwined with a dissolved Florida law firm that bore his name, of which he was the sole member, he has standing to sue (in New York) for wrongful dishonor of the Florida IOLTA Check. The Court should reject both arguments on the law and facts.

Plaintiff fails to satisfy his burden to establish his domicile in Japan by clear and convincing evidence. Plaintiff cannot deny he is the sole member of a law firm located in New York with an active New York practice, maintains bank accounts for that firm in the United States, is the General Counsel of numerous companies located in New York at the same address as his law firm, and is a registered agent for both his law firms and those companies, in both New York and Florida. In fact, by acting as a registered agent in Florida, Plaintiff represents to the Florida Department of State that he currently resides in Florida. One cannot review Plaintiff's filings with either the Departments of State of New York or Florida and discern that Plaintiff resides in Japan, as he claims.

Incredibly, since Plaintiff filed his motion, he filed documents with the New York Department of State, registering "Morton & Associates LLP," as a New York

---

[1] To the extent that Plaintiff's opposition for the first time improperly raises issues relevant to his motion to remand this case to New York State Supreme Court, Citibank will address them as well.

entity. (This "firm" apparently did not exist when it commenced this action in August 2018.) All of this conduct directly contradicts Plaintiff's claimed intent to remain in Japan.

Plaintiff improperly introduces several new documents for the first time in his supplemental declaration that he did not submit together with his motion. Courts in the Second Circuit regularly refuse to consider such belated filings. But, even if this Court considers such documents, Plaintiff still fails to meet his burden of establishing his domicile by clear and convincing evidence. Several documents purport to be dated in 2015 and are not probative of Plaintiff's present status. Several more are in Japanese, are submitted without translation, and are not authenticated. Several others directly contradict Plaintiff's domicile claim, including his purported Japanese ID card which on its face states that he resides in Japan only on a temporary five-year visa expiring in 2021.

Because Plaintiff failed to meet his burden to establish his domicile by clear and convincing evidence, the Court may properly exercise diversity jurisdiction in this action, and dismiss this case for Plaintiff's lack of standing. New York law is well-established that only a bank's customer can sue for the wrongful dishonor of a check pursuant to N.Y.U.C.C. § 4-402, and that the customer is the party in whose name the account is titled, not its principal. As the Florida IOLTA Account is maintained in the name of the Florida Law Firm, that entity -- not Plaintiff -- is Citibank's customer, and only it has standing to sue for wrongful dishonor of a check drawn on the Florida IOLTA account. Accordingly, the Court should dismiss the Complaint because Plaintiff lacks standing.

## ARGUMENT

### I

### PLAINTIFF FAILS TO ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT HE IS DOMICLIED IN JAPAN

Plaintiff improperly submits a slew of new documents in reply that should have been filed with the motion to remand. The Court should refuse to consider these improperly filed documents, many of which are in Japanese, and not translated. See Wenegieme v. Bayview Loan Servicing LLC, 2016 U.S. Dist. LEXIS 82385 (S.D.N.Y. 2016) ("It is well established, however, that a court should not consider arguments that are raised for the first time in a reply brief.") (citation omitted).

Even if the Court considers the improperly filed documents, Plaintiff still fails to meet his burden. The Court should therefore deny the motion to remand.

### A.   Plaintiff's Improper, Inconclusive Documents

Plaintiff submits what he identifies as his "Japanese Residency Card" (the "ID Card"). (Supp. Morton Decl., **Exhibit B**) This does not prove Plaintiff's intent to remain in Japan. The ID Card states on its face that Plaintiff's stay in Japan expires on April 15, 2021. The ID Card indicates that Plaintiff's status is that of "Highly Skilled Professional (i)(b)." This classification indicates that Japan has only granted Plaintiff a temporary 5-year visa. It does not mean that Plaintiff is a permanent resident of Japan. (Reply Goodman Decl., **Exhibit A**)

Plaintiff next submits what he claims is a letter from "FashionOne Inc." which maintains a "physical office" in Japan, dated June 10, 2015  It does not, as Plaintiff alleges, offer him a "position."  Rather, the letter only offers Plaintiff a role as a "consultant" for a "4-month term," and references a future "employment agreement" which Plaintiff has not submitted.  (Supp. Morton Decl., **Exhibit C**)  Further, FashionOne's website states that although "Fashionone LLC" has an office in Japan, its main office is located at 246 West Broadway, New York, New York 10013 -- the same address as the New York Law Firm (www.fashionone.com/contact-us.). (Reply Goodman Decl., **Exhibit B**) Plaintiff failed to disclose this material fact to the Court.

Plaintiff submits a string of e-mails from July 2015 purporting to show Plaintiff's attempt to rent an apartment in Japan.  This proves nothing about Plaintiff's current status.  In an e-mail dated July 3, 2015, Plaintiff states that his daughter would be living with him.  (Supp. Morton Decl. **Exhibit D**)  Plaintiff states he currently lives with his wife, but makes no mention of his daughter, does not state whether she lives with him or provide her current living arrangements.  (Supp. Morton Decl. ¶ 14)  Notably, Plaintiff's signature block on many of the e-mails includes the address of the New York Law Firm, and identifies Plaintiff as General Counsel of CKL Brands LLC at that address. (See, e.g. Supp. Morton Decl. **Exhibit D** (E-mail dated July 9, 2015)).  CKL Brands LLC's Officer/Registered Agent was Michael Gleissner, Plaintiff's "client," and the payee of the Florida IOLTA Check. (Goodman Reply Decl., **Exhibit C**)

Plaintiff also submits what he claims is a "lease renewal application." (Supp. Morton Decl. **Exhibit E**)  He conspicuously fails to submit an actual lease.  The Court cannot test Plaintiff's claim because the document is entirely in Japanese, and Plaintiff fails to submit a properly sworn translation.

Plaintiff submits what he claims are his 2015-2017 Japanese tax returns. (Supp. Morton Decl. **Exhibit F**)  Again, the Court cannot test his claim because the documents are entirely in Japanese.  Plaintiff fails to state whether he filed Federal or New York State tax returns since 2015.  Plaintiff's statement that he has "earned all of my income" in Japan since 2015 is palpably incorrect -- he operates a New York Law Firm that employs an associate in New York and has filed dozens of cases in New York during the relevant period.

Plaintiff submits what he claims to be statements for his Japanese bank accounts.  (Supp. Morton Decl. **Exhibit G**)  Plaintiff does not and cannot deny that he also maintains United States bank accounts.  Indeed, the check on which this case is predicated was drawn on a United States bank account.

Plaintiff submits what he claims is a "Gaiben license," but provides no explanation of what this means.  (Supp. Morton Decl. **Exhibit H**)  This document is entirely in Japanese.  Moreover, it is not probative of his status.  As Plaintiff notes, he is also licensed to practice law in Massachusetts, but does not even reside there.  Finally, Plaintiff submits what he claims is a "loan application," entirely in Japanese, for the purchase of a house, but not a contract to purchase property.

### B. Plaintiff's Conduct Since Allegedly Moving to Japan Is Entirely Inconsistent with Japanese Domicile

On May 12, 2016, a year after Plaintiff claims he was already living in Japan, Plaintiff formed "The Law Offices of Morton & Associates LLLP," a Florida limited partnership.[2] Plaintiff represented to the Florida Department of State that he is the firm's Registered Agent with an address at 1601 Harrison Street, Hollywood, Florida 33020. (Goodman Reply Decl., **Exhibit D**) Florida Stat. § 607.0501 provides that a registered agent must "reside[] in this state" and his business office must be identical to the registered office. (Id.) Thus, as a matter of law, Plaintiff represented to the State of Florida that he resides in Florida.[3] Plaintiff thereafter registered this firm with the New York Department of State on July 5, 2016, as a "foreign registered limited liability partnership," located at 246 West Broadway, New York, New York. (Goodman Reply Decl., **Exhibit E**)

Since filing the remand motion on December 28, 2018 [ECF No. 15], Plaintiff engaged in further conduct that belies his domicile claim. On January 24, 2019, Plaintiff registered a "new" entity in New York with the New York Department of State:

---

[2] In the alphabet soup of law firms with which Plaintiff is associated, this is yet another one. It is distinct from "Grant Morton Law, PLLC," the Florida firm Plaintiff dissolved in 2016 which drew the Florida IOLTA Check in 2018.

[3] If Plaintiff resides in Japan as he claims, he may be subject to criminal liability in Florida for misrepresenting his Florida residence to the Florida Department of State, and concealing the fact that he allegedly resides in Japan. Fla. Stat. § 817.155 ("A person may not, in any matter within the jurisdiction of the Department of State, knowingly and willfully falsify or conceal a material fact, make any false, fictitious, or fraudulent statement or representation, or make or use any false document, knowing the same to contain any false, fictitious, or fraudulent statement or entry. A person who violates this section is guilty of a felony of the third degree...")

6

Morton & Associates LLP, a domestic registered limited liability partnership. (Reply Goodman Decl., **Exhibit F**) Prior to this filing, there was no registered New York entity "Morton & Associates LLP," the firm that filed the complaint here.

Plaintiff's opposition, filed on February 20, 2019, fails to address this sudden, curious filing, or these various discrepancies. Plaintiff has not informed New York or Florida that he purportedly resides in Japan. To the contrary, if he does not reside in Florida he has made a material misrepresentation of fact to the State of Florida. This further begs the question: how did an entity that did not exist until January 2019 (Morton & Associates, LLP) commence this action in August 2018. Such conduct viewed in its entirety is entirely inconsistent with Plaintiff's claim that he is domiciled in Japan.

## II

### PLAINTIFF DOES NOT HAVE STANDING TO SUE FOR WRONGFUL DISHONOR BECAUSE HE IS NOT THE BANK'S CUSTOMER

As he must, Plaintiff concedes that under well-established New York law only a "customer" may sue for the wrongful dishonor of a check. NY.U.C.C. § 4-402 provides "[a] payor bank is liable to its *customer* for damages proximately caused by the wrongful dishonor of an item." (emphasis added) N.Y.U.C.C. § 4-401(1)(e) defines customer as "any person having an account with the bank or for whom the bank as agreed to collect items…" The seminal banking treatise *Brady on Bank Checks* states unequivocally that "New York has followed the view that regards a corporate president as not a customer who may sue a bank for wrongful dishonor of a corporate check." Vol. 2 Richard B. Hagedorn, Brady on Bank Checks and Funds Transfers § 22.12 (2017); see

also <u>Scali v. Key Bank, N.A.</u>, 203 A.D.2d 551, 611 N.Y.S.2d 21 (2d Dept. 1994) (holding that only a bank's customer has standing to sue for wrongful dishonor of a check).

It is undisputed that the Florida IOLTA Account is in the name of "Grant Morton Law PLLC." That firm is Citibank's customer, and only it has standing to sue for wrongful dishonor of a check it drew on the Florida IOLTA Account. Plaintiff, as a member of the PLLC, does not have standing under New York law.[4]

Plaintiff]s authority is inapposite, distinguishable or simply not controlling in New York. Plaintiff incorrectly relies on <u>Agostino v. Monticello Greenhouses, Inc.</u>, 166 A.D.2d 471, 560 N.Y.S.2d 690 (2nd Dept. 1990). However, <u>Agostino</u> held that a corporate president may not bring suit in his individual capacity for wrongful dishonor of a check drawn by a corporation on an account in the corporation's name. In so holding, the Second Department reiterated New York's well-established rule "precluding a corporate officer from bringing a wrongful dishonor suit in an individual capacity, where the corporation, not the corporate officer, is the 'person having an account with [the] bank.'" <u>Id.</u> at 472, 560 N.Y.S.2d at 691 (citations omitted). See also <u>Carpenter v. Fleet/Norstar Bank</u>, 1992 U.S. Dist. LEXIS 17227, * 6 (S.D.N.Y. 1992) (dismissing a corporation's president's claim for wrongful dishonor under New York law because only the corporation that drew the check, not the president in her individual capacity, has standing to sue);

---

[4] The Court should take notice that Morton & Associates LLP is counsel in two additional lawsuits against Citibank for wrongful dishonor, each presently pending in the New York Supreme Court, New York County. In both, plaintiff is the corporate account holder which drew the check, not the corporation's president Michael Gleissner. See <u>ChinesePod Limited v. Citibank, N.A.</u>, Index No. 651219/2018, and <u>Fashion One (Asia) Limited v. Citibank, N.A.</u>, Index No. 152274/2018.

Jainchill v. Citibank, N.A., 97 A.D.2d 473, 469 N.Y.S.2d 12 (1st Dept. 1983) (corporation's shareholder does not have standing to sue for wrongful dishonor of a check drawn by the corporation), aff'd 62 N.Y.2d 739 (1984).

Plaintiff also relies on two non-New York cases to incorrectly argue he has standing to sue for wrongful dishonor. Both cases are inapposite and factually distinguishable. In each, the Court found evidence establishing the bank treated the individual and the company as a single entity. Here, Plaintiff does not and cannot present such evidence. Moreover, the Second Department considered and rejected both cases in Agostino.

In Murdaugh Volkswagen, Inc. v. First Nat'l Bank, 801 F.2d 719 (4th Cir. 1986), the Court held based on the specific facts of that case that a car dealership's president and sole shareholder had standing to sue for wrongful dishonor of checks drawn by the car dealership. The Court found that because the evidence demonstrated that the bank treated the individual plaintiff and the car dealership "as one entity" and "repeatedly looked to [the individual plaintiff] to assume the corporation's obligations" she had standing to sue for wrongful dishonor of the company's check.

Similarly, in Kendall Yacht Corp. v. United California Bank, 50 Cal. App.3d 949, 123 Cal. Rptr. 848 (Cal. Ct. App. 1975), the Court held that corporate officers could sue for the wrongful dishonor of a check drawn on the corporation's account. The Court was careful to state that it was "not hold[ing] as a general proposition that the shareholders or officers of a corporation could recover under section 4402 for the wrongful

9

dishonor of a corporation check." Limiting its holding to the specific facts of that case, the Court found that the bank "looked directly to the [individual plaintiff's] to satisfy the obligations of the Corporation," including having them execute personal guarantees of a bank loan to cover overdrafts in the corporation's account. Id. at 956, 123 Cal. Rptr. At 853.

## CONCLUSION

Plaintiff failed to satisfy his burden of establishing by clear and convincing evidence that he is domiciled in Japan. As a result, this Court may properly exercise diversity jurisdiction. Upon exercising jurisdiction, Citibank respectfully requests that the Court dismiss the Complaint because Plaintiff does not have standing to sue for wrongful dishonor of the Florida IOLTA Check because he is not the bank's customer.

Dated:   New York, New York
         March 5, 2019

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
    Bruce S. Goodman
    Attorneys for Defendant
    1211 Avenue of the Americas
    New York, New York 10036
    (212) 223-0400

1003776

10

dishonor of a corporation check." Limiting its holding to the specific facts of that case, the Court found that the bank "looked directly to the [individual plaintiff's] to satisfy the obligations of the Corporation," including having them execute personal guarantees of a bank loan to cover overdrafts in the corporation's account. Id. at 956, 123 Cal. Rptr. At 853.

## CONCLUSION

Plaintiff failed to satisfy his burden of establishing by clear and convincing evidence that he is domiciled in Japan. As a result, this Court may properly exercise diversity jurisdiction. Upon exercising jurisdiction, Citibank respectfully requests that the Court dismiss the Complaint because Plaintiff does not have standing to sue for wrongful dishonor of the Florida IOLTA Check because he is not the bank's customer.

Dated:    New York, New York
          March 5, 2019

ZEICHNER ELLMAN & KRAUSE LLP

By:  /s/ Bruce S. Goodman
     Bruce S. Goodman
     Attorneys for Defendant
     1211 Avenue of the Americas
     New York, New York 10036
     (212) 223-0400

1003776